IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| AMANDA G. YOUNG, § | |
| § | |
| Plaintiff § | |
| § | |
| vs. § | C.A. NO. 6:23-cv-407 |
| § | |
| § | JURY TRIAL REQUESTED |
| § | |
| § | |
| BG RETAIL, LLC DBA § | |
| FAMOUS FOOTWARE § | |
| § | |
| Defendant § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

COME NOW Plaintiff, Amanda G. Young, who files this her Original Complaint complaining of BG Retail, LLC dba Famous Footwear (hereinafter "BG Retail") as follows:

**I. PRELIMINARY STATEMENT**

1. This lawsuit arises from the sexual harassment by Plaintiff's direct supervisor, Jessica Hale at BG Retail. Equal to the clear, persistent, and outrageous behavior of Jessica Hale was the willful, inexcusable neglect and deliberate indifference of the plaintiff's employer, BG Retail, to the unwanted sexual harassment endured by Plaintiff.

2. It is the legal responsibility of BG Retail to promulgate and implement policies and procedures providing, in part, that its employees are not subjected to sexual harassment. Further, it is Defendant BG Retail's duty to promulgate and implement policies and procedures that do not promote known acts of sexual harassment and retaliation for opposition to that conduct by its employees. It is also Defendant BG Retail's legal obligation to take whatever action is necessary to investigate reports of sexual harassment by employees; to stop that sexual harassment

once known, and to ensure that once sexual harassment is reported no retaliation or reprisal is permitted against the employee who reports or otherwise opposes such protected conduct. Finally, it is their responsibility to ensure that employees who have been the subject of sexual harassment are not retaliated against.

3. Plaintiff has been compelled to bring this action against BG Retail because it failed to ensure that the sexual harassment of its employees was prevented once any reasonable doubt of the extent of Jessica Hale's conduct was removed. Plaintiff also sues for the sexual harassment she endured and BG Retail's continued failure to prevent the harassment once it had been revealed. BG Retail is legally responsible for the actions of Jessica Hale because she was acting as Plaintiff's direct supervisor at all times.

4. BG Retail is also liable for its negligence which lead to Plaintiff's sexual harassment at the hands of Jessica Hale. BG Retail did not take reasonable care to protect Plaintiff from the actions of Jessica Hale.

5. Plaintiff seeks back-pay, compensatory damages, punitive damages against BG Retail plus court costs, and attorney's fees.

## II. JURISDICTION AND VENUE

6. Jurisdiction over plaintiffs' sexual harassment/sex discrimination and retaliation claims against BG Retail is conferred on this Court by Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e, *et seq*.)

7. Federal question jurisdiction is conferred on this Court by 28 U.S.C. §1331 as this action arises under the Constitution and laws of the United States.

8. Venue is appropriate in this Court as all facts giving rise to Plaintiff's claims occurred within the Eastern District of Texas, Tyler Division.

### III. ADMINISTRATIVE PREREQUISITES MET

9. Plaintiff filed Charge # 450-2023-01215 with the EEOC alleging sexual harassment with the EEOC. Upon request of Plaintiff, her notice of "Right-to Sue" was issued for Plaintiff (attached as Exhibit "A") and plaintiff, thereafter, was able to file a lawsuit on her Title VII claims. This case is filed within 90 days of Plaintiff's receipt of her notice of right to sue from the EEOC.

10. All potential administrative remedies have been exhausted and prerequisites to litigation have been met.

### IV. PARTIES

11. Plaintiff Young is an adult female individual and a citizen of Texas and the United States who currently resides in Bullard, Texas. At all times relevant to this action, she was an employee of BG Retail.

12. Defendant BG Retail, LLC was Plaintiff's employer and may be served through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

### V. STATEMENT OF FACTS

13. Plaintiff began her career at BG Retail in February of 2022 working as an assistant manager of the Tyler, Texas Famous Footwear store. Her supervisor at BG Retail was Jessica Hale. Hale was the store manager of the Tyler Famous Footwear store.

14. In April of 2022, Plaintiff was admitted to a mental healthcare facility. After she was released, she discussed her need to have time off to attend church and group counselling meetings. Plaintiff returned to full duty on April 25, 2022.

15. On April 28, 2022, Hale invited Plaintiff to accompany her to a rodeo in Jacksonville, Texas, which she did on May 13, 2022. After the rodeo, Hale and Plaintiff went to

dinner during which Hale probed Plaintiff regarding her knowledge of the "BDSM world." During the course of the conversation Hale asked if she was interested in becoming a "unicorn" for her and her boyfriend.

16. On May 29, 2022, Hale and Plaintiff went for another meal where Hale continued to press Plaintiff to become sexually involved with her and her boyfriend. Hale continued to persist with her request that Plaintiff become sexually involved with her and her boyfriend into the month of August 2022. Plaintiff was concerned that she was lose her employment with BG Retail because of Hale's position as her supervisor.

17. Out of fear for losing her job, Plaintiff joined a group chat with Hale and her boyfriend in which sexually explicit photos and videos were posted. On August 29, 2022, Hale brought a vibrator to work at Famous Footwear which was remotely controlled by Hale's boyfriend. Hale instructed Plaintiff to use the vibrator while on duty at the store while her boyfriend controlled the vibrator remotely.

18. On September 1, 2022, Hale invited Plaintiff to her residence and gave her "rules" she would need to follow in the sexual arrangement with Hale's boyfriend:

    a. I [Plaintiff] would be available at any given time to "play" with both of them.
    b. with him working out of town a lot I would need to have sex with her alone to keep her satisfied while he is out of town
    c. when he is in town, I would need to have sex alone with him as well as group sex.
    d. I would not be allowed to date anyone, I would not be dating them, but not allowed to date anyone else because I could only have sexual relations with them.

19. On September 3, 2022, Hale's boyfriend book at room at the Best Western hotel in Jacksonville, Texas for purpose of having a sex encounter with Plaintiff and Hale. Plaintiff did not respond to the group chat and did not show up at the hotel. The same thing happened the next day in which Plaintiff refused to participate in a sex encounter with Hale and her boyfriend.

20. On September 6, 2022, Plaintiff worked at the store and Hale explained to her that her boyfriend was upset that she did not show up at the hotel. Thereafter, Hale began to retaliate against Plaintiff by scheduling her for many more hours and ignoring her need to be off to attend group therapy and church on Sundays.

21. On September 25, 2022, Hale questioned Plaintiff about the hours she worked on the day before and was told "maybe when your actions change, we can adjust the schedule." Because of the retaliatory actions by Hale, Plaintiff made the decision to quit and informed Hale of her decision. Hale responded, "it's easier this way" and Plaintiff left the store.

**COUNT I:** **TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C.§2000E *ET SEQ.*, PROTECTING EMPLOYEES FROM SEXUAL HARASSMENT.**

22. Plaintiff reallege and incorporate by reference all allegations set forth in paragraphs 1 through 21.

23. Plaintiff was subject to unwelcome sexual harassment in the workplace from Hale, unreasonably interfering with Plaintiff's work performance.

24. Officials of BG Retail with authority to correct the conduct had actual knowledge and/or should have known of Hale's sexually harassing behavior prior to the report of Plaintiff, and then failed to take immediate and appropriate corrective action as required by law.

25. The harassment to which Plaintiff was subjected from Hale was unwelcome, abusive, and humiliating.

26. Plaintiff would also show that BG Retail was negligent in the creation and/or continuation of a hostile work environment.

27. Defendant, BG Retail, by allowing Hale to sexually harass Plaintiff intentionally engaged in unlawful employment practices involving Plaintiff.

28. The harassment of which Plaintiff complains was severe and pervasive and thereby

affected the term, condition or privilege of her employment and created an abusive work environment.

29. Defendant, BG RETAIL, by failing to exercise reasonable care to prevent and cure allegations of sexual harassment, allowed Hale to sexually harass Plaintiff, as described above, in violation of 42 U.S.C. 2000e, *et seq.*

30. The sexual harassment for Plaintiff Young and was ongoing, persistent, and continuous, constituting continuing violations of her rights under law.

31. As a direct and proximate result of BG RETAIL's conduct in violation of 42 U.S.C. §2000e, *et seq.*, Plaintiff Young suffered substantial emotional and financial damages, past and future, for which she pleads to be compensated.

## *RETALIATION CLAIMS*

32. Plaintiff was retaliated against by her employer, BG Retail, for reporting and opposing the sexual harassment to her District Manager.

### COUNT II:    RETALIATION FOR ENGAGING IN PROTECTED CONDUCT UNDER TITLE VII.

33. Plaintiff realleges and incorporates by reference all allegations set forth in paragraphs 1 through 21.

34. Plaintiff reported to BG Retail, by and through its internal reporting process the facts and circumstances surrounding the harassment of Plaintiff by Hale.

35. BG Retail's refusal to respond to Plaintiff's complaints of sexual harassment, as described above, motivated her resignation from employment with BG Retail. No reasonable employee would have continued to work under the conditions created by Hale.

36. Defendant, BG Retail, intentionally engaged in unlawful employment practices involving Plaintiff because Plaintiff engaged in a federally protected activity in violation of their

rights under 42 U.S.C. Section 2000e -3(a) *et. seq.* Title VII.

37. Plaintiff suffered substantial emotional and financial damages, past and future, proximately caused by BG Retail's retaliation for which Plaintiff now seeks compensation.

## VI. **ACTUAL DAMAGES**

38. As a direct and proximate result of the conduct of Defendant, the Plaintiff has suffered damages.

39. Plaintiff has suffered disgrace, shame, embarrassment, and humiliation as well as extreme emotional and mental anguish in the past and in all probability, Plaintiff will continue to suffer such disgrace, shame, embarrassment, humiliation, personal indignity, and extreme emotional and mental anguish in the future.

40. In addition, Plaintiff has suffered damage to her reputation both in the past and in the future. Injury to the reputation of the Plaintiff has been substantial and, in all probability, her reputation has been permanently impaired and damaged.

41. Additionally, Plaintiff has suffered loss of earnings capacity in the past and in reasonable probability, her capacity to work and earn money in the future beyond this date has been seriously impaired. Her ability to obtain and retain employment in the past and future has been impaired. Plaintiff is entitled to back pay and front pay. Reinstatement is not feasible.

42. Plaintiff has been deprived of employment benefits. Employment benefits include all employment benefits which they had or would have had at Defendant BG Retail's employ, including but not limited to past and future wages, retirement benefits, health care benefits, social security benefits, and unemployment benefits.

43. Plaintiff has suffered additional consequential damages.

44. The precise amount of damages suffered by the Plaintiff cannot be measured with

mathematical accuracy at this time nor can the Plaintiff state with any degree of certainty at this time the full extent and impact of future losses. Damages can be more accurately determined after completion of discovery in this case and Plaintiff specifically reserves the right to plead further with respect to such damages.

## VII.  PUNITIVE DAMAGES

45.     BG Retail is liable for punitive damages on account of its completely willful and reckless disregard of Plaintiff's rights under Title VII. Defendant's conduct was wanton, willful, reckless, and/or intentional, to cause substantial harm or injury, rendering the award of punitive damages appropriate.

## VIII.  JURY TRIAL

46.     In the Exercise of rights under the Seventh Amendment to the United States Constitution and applicable statutes and procedural rules, Plaintiff respectfully requests that all issues of fact in her claims for relief be decided by a jury.

## IX.  PRE-TRIAL INTEREST

47.     Plaintiff also seeks pre-judgment interest at the maximum legal rate.

## X.  ATTORNEYS' FEES

48.     Plaintiff is entitled to reasonable and necessary attorneys' fees pursuant to 42 U.S.C. §2000e and 42 U.S.C. §1988 for the preparation and trial in this case and various stages of appeal, if any, including additional attorneys' fees in the event it is necessary to collect this amount of money once a judgment becomes final.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully pray that Defendant BG Retail, LLC be cited to appear and answer herein, and that upon a final trial by jury, judgment be entered for the Plaintiff against the Defendant for damages and such other and further relief to

which the Plaintiffs may be entitled at law or in equity, including:

1. actual damages;
2. punitive damages;
3. pre-judgment interest;
4. post-judgment interest;
5. attorneys' fees; and
6. court costs.

Respectfully submitted,

/s/ *William S. Hommel, Jr.*
William S. Hommel, Jr.
State Bar No. 09934250
bhommel@hommelfirm.com
HOMMEL LAW FIRM
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703
903-596-7100 Telephone/Facsimile

**ATTORNEY FOR PLAINTIFF**